UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

GARRETT WILDEY,                )
                               )
        Plaintiff,             )
                               )
v.                             )        CAUSE NO.
                               )
NOBLE COUNTY SHERIFF,
        ,)
                               )
        Defendants.            )

## COMPLAINT

Plaintiff, by counsel, alleges against Defendants as follows:

1. The Plaintiff is Garrett Wildey, a resident of Roanoke Indiana and former detainee at the Noble County Jail in Albion Indiana at all material times to this Complaint.

2. The Noble County Sheriff is named as a Defendant in his official capacity pursuant to 42 U.S.C. § 1983.  At all material times to this Complaint, the Sheriff was responsible for having an unconstitutional/constitutionally deficient policy, practice, procedure, and/or custom in effect at the Noble County Jail pertaining to the dietary accommodations of prisoner religious beliefs which led to Plaintiff being subjected to a violation of his federally protected rights to freedom of religion under the First Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, the Religious Land Use and Institutionalized Person Act ("RLUIPA"), and 42 U.S.C. § 1983.

3. Defendant Officer Cleckner is named in his individual capacity pursuant to 42

1

U.S.C. § 1983. At all material times to this Complaint, Defendant Cleckner and his fellow officers were acting within the scope of their employment at the Noble County Jail, and under color of law, when they denied Plaintiff's dietary accommodations for his religious practices, in violation of Plaintiff's federally protected rights to freedom of religion under the First Amendment to the United States Constitution (Free Exercise Clause), the RLUIPA, and 42 U.S.C. § 1983.

4. Plaintiff was a member of the Muslim religion at all material times to this Complaint. According to the strict rules of his religion, consumption of pork was prohibited.

5. During the late summer and fall of 2019, Plaintiff was incarcerated in the Noble County Jail. In August and September of 2019, Plaintiff was approved to receive the dietary accommodation of kosher meals so that he could comply with his religious mandate to avoid eating pork.

6. On or about August 20, 2019, by information and belief, Defendant Cleckner served Plaintiff a meal tray containing ham and beans. When Plaintiff informed Cleckner he needed a kosher meal tray that he had already been approved for, Cleckner told Plaintiff he could either accept the ham and beans, or go to lockdown.

7. During the period of September 17, 2019 through September 20, 2019, Plaintiff was again given dinner trays that contained pork products. Plaintiff again notified Defendant Cleckner that he had been approved for, and needed, a zero-pork meal tray. In response, Plaintiff was removed from the block for a private conversation with Defendant Cleckner. Cleckner accused Plaintiff of "making a scene" and

again told Plaintiff to either take the regular food tray or go to lockdown.

8.  Because of the actions of the Defendants, Plaintiff was forced into extreme hunger and subjected to cruel and unusual punishment.  Plaintiff experienced multiple days in jail where he received very little consumable food, due to the majority of the meals containing pork products.

9.  Furthermore, during Plaintiff's time in the Noble County Jail, he had religious materials confiscated from him, and was not provided access to Islamic religious materials.

10. Additional incidents occurred during September of 2019 through October of 2019 in which Plaintiff was repeatedly denied meals free of pork.  On one occasion, Plaintiff was given a ham salad sandwich.  Plaintiff again spoke with Defendant Cleckner about his zero-pork religious mandate.  Cleckner took the tray initially, but then returned with it and told Plaintiff it was "bologna and turkey".  That was obviously a lie, as it visibly contained chunks of ham.  This time, Cleckner told Plaintiff to either eat the sandwich or give it away.  Cleckner again refused to provide a substitute that was pork free and then punished Plaintiff with two hours of lockdown in the rubber room, even though Plaintiff was calm and non-threatening.

11. Plaintiff contends that Defendant Cleckner, by failing to provide Plaintiff with meals that complied with Plaintiff's religious mandates, denied Plaintiff the free exercise of his religion in violation of Plaintiff's federally protected rights under the First Amendment, the RLUIPA, and 42 U.S.C. § 1983.  He also contends that

3

Defendant Cleckner retaliated against him and punished him for protesting and objecting to meals which violated his religious mandates.

12. Plaintiff contends that Defendant Cleckner's conduct in refusing to provide Plaintiff with dietary accommodations mandated by his religion took place pursuant to unconstitutional or constitutionally inadequate policies, practices, procedures, and/or customs of the Noble County Sheriff pertaining to the accommodation of prisoner's religious practices.

13. Plaintiff contends that the actions of the Defendants subjected him to inconvenience, mental anguish, cruel and unusual punishment, emotional distress, and other damages and injuries.

14. The unlawful conduct of the Defendants was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**


/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
Email: cmyers@myers-law.com;
*Attorney for Plaintiff*

5